IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **J&J PRIME LLC DBA SUPER 8 HARKER HEIGHTS,** §§§§ | |
| *Plaintiff,* § | |
| v. § | CIVIL ACTION NO. 6:25-cv-00347 |
| **ATEGRITY SPECIALTY INSURANCE COMPANY,** §§§§ | |
| *Defendant.* § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I. PARTIES

1.  Plaintiff, J&J Prime LLC dba Super 8 Harker Heights (hereinafter referred to as the "Plaintiff" or "Insured"), is a domestic limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas. The limited liability company consists of one member, Manish Patel, who is an individual citizen of the State of Texas.

2.  Defendant, Ategrity Specialty Insurance Company (hereinafter referred to as the "Defendant" or "Ategrity") is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Arizona. Defendant may be served with process by serving its officer authorized and directed to accept service of process, Chris Schenk at 14000 N. Pima Road, Suite 200, Scottsdale, AZ, 85260, or wherever it may be found.

### II. JURISDICTION

3.  The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

1

## III. VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## V. FACTS

6. Plaintiff is the owner of commercial Property insurance Policy number 01-C-PK-P20091074-0 (hereinafter referred to as the "Policy"), which was issued by Ategrity.

7. Plaintiff owns the insured Property that is specifically located at 540 E. Central TX Expressway, Harker Heights, TX 76548 (hereinafter referred to as the "Property").

8. Defendant or its agent sold the Policy insuring the Property to Plaintiff.

9. On or about May 12, 2024, Plaintiff's Property sustained severe damage from a storm that recorded large hail. Plaintiff submitted a claim to Ategrity against the Policy for the severe damage to the Property caused by the storm. Ategrity acknowledged the claim and assigned claim number 01CCP2024001465 (the "Claim") to third-party adjuster Craig Landry with Engle Martin. Mr. Landry subsequently inspected the Property and, on September 26, 2024, Mr. Landry sent correspondence to Plaintiff advising that Ategrity discovered covered damage totaling $155,932.96, less the $34,000.00 deductible, $25,343.13 in nonrecoverable depreciation, and $11,085.23 in coinsurance participation, which left a net payable amount of $85,504.60 to Plaintiff.

10. Ategrity and Engle Martin then retained Matthew W. Cowen with Scout Forensics to assist in their investigation. Mr. Cowen inspected the Property on January 7, 2025, and opined that "hail-related damage to exterior wall claddings was limited to the north and west facing foam accent

bands and stucco at the porte cochere." Mr. Cowen additionally discovered spatter marks on fencing and metal surfaces, which he opined were reasonably consistent with the May 12, 2024 storm event.

11. Ategrity and Engle Martin did not allow for any of the necessary repairs to the Property and thus failed to account for the majority of the covered damage. Ategrity subsequently failed to perform any additional investigation of the Property to properly adjust the Claim. Ategrity did not conduct a thorough inspection and did not make appropriate allowances for the damage. As a result of Ategrity's unreasonable investigation, the insured was wrongly denied the cost to repair the Property.

12. Plaintiff retained Mutual Group Inc. to inspect the Property. Mutual Group Inc. photographed the damage found at the Property and evaluated the cost to repair and replace the damage in the amount of $436,461.77. Plaintiff provided this information to Ategrity and asked Ategrity to cover the full cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy. In addition, Plaintiff provided Ategrity its pre-suit notice and demand on May 30, 2025 providing Ategrity with another opportunity to resolve the claim. Ategrity did not further respond.

13. Ategrity failed to properly adjust the claim and further has denied the claim without an adequate investigation or explanation, even though the Policy provided coverage for losses such as those suffered by the Insured.

14. To date, Ategrity continues to deny full payment for the damages to the Property even though it has received all information necessary to properly cover and fully pay the Claim. As such, the Insured's Claim remains unpaid, and the Insured has not been able to properly repair the Property, which has resulted in additional damages.

## VI. COUNT 1 - BAD FAITH

15. Plaintiff is an Insured under an insurance contract issued by Ategrity, which gave rise to a duty of good faith and fair dealing.

16. Defendant breached the duty by denying and delaying payment of a covered claim when Defendant knew or should have known its liability under the Policy was reasonably clear.

17. Following its receipt of documentation from the Insured confirming the full extent of damage, Ategrity possessed all information necessary to enable it to make a fair coverage and payment determination on Plaintiff's claim. In addition, following its initial inspection, Ategrity failed to provide full coverage for the covered damage, including the damage that Plaintiff's inspector discovered during his inspection. Although Ategrity should have designed its claims investigation system in a manner that would ensure timely claim payments, reasonable Property inspections, and thorough Property inspections, Ategrity failed to honor its obligation to perform a reasonable investigation and issue full payment to Plaintiff.

18. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in damages of the loss of Policy benefits.

## VII. COUNT 2 - BREACH OF CONTRACT

19. In addition to other counts, Ategrity breached its contract with Plaintiff.

20. Plaintiff and Defendant executed a valid and enforceable insurance contract. The contract stated that Defendant would pay the replacement cost of all damage which occurred to Plaintiff's Property caused by a covered peril, and that Plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance Policy.

21. Plaintiff fully performed its contractual obligations.

22. Ategrity breached the contract by refusing to pay the full amount of the cost to repair or replace the Property. Ategrity failed and refused to pay the fair amount of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. Ategrity did this even though all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.

23. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

24. Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented Plaintiff's claim to Ategrity. Ategrity did not tender the amount owed within 60 days of when the claim was presented.

## VIII. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

25. Ategrity failed to explain to Plaintiff the reasons for its partial denial of settlement. Defendant failed to offer Plaintiff full compensation without adequate explanation of the basis in the Policy for its decision to make no payment. Furthermore, Ategrity did not communicate that any future settlements or payments would be forthcoming to pay for the total losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's Claim.

26. Ategrity failed to affirm or deny coverage of Plaintiff's Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Ategrity.

27. Ategrity refused to fully compensate Plaintiff under the terms of the Policy and further failed to conduct a reasonable investigation. Ategrity performed an outcome-oriented investigation of

the Plaintiff's Claim which resulted in a biased, unfair, and inadequate evaluation of Plaintiff's losses on the Property.

28. Ategrity failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge Plaintiff's Claim, begin an investigation of Plaintiff's Claim, and request all information reasonably necessary to investigate Plaintiff's Claim within the statutorily mandated time of receiving notice of Plaintiff's Claim.

29. Ategrity failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. In addition, Ategrity failed to communicate with Plaintiff to ensure that Plaintiff understood the coverage denials Plaintiff received.

30. Defendant's acts or practices violated:

    a.    Texas Insurance Code Chapter 541, subchapter B and Texas Business and Commerce Code Chapter 17 by:

        (1)    Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

        (2)    Not promptly giving a Policyholder a reasonable explanation, based on the Policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3); TEX. BUS. & COM. CODE § 17.50(a)(4).

        (3)    Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

        (4)    Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7); TEX. BUS. & COM. CODE § 17.50(a)(4).

    b.    Texas Insurance Code Chapter 541.151.

    c.    Texas Business & Commerce Code § 17.50(a)(4).

31.    Defendant's acts and practices were a producing cause of injury to Plaintiff which resulted in the following damages:

    a.    actual damages; and

    b.    insurance Policy proceeds.

32.    Plaintiff seeks damages within the jurisdictional limits of this Court.

33.    <u>Additional damages.</u>  Defendant acted knowingly, which entitles Plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

34. Attorneys'<u> fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

## IX. COUNT 4 - LATE PAYMENT OF CLAIMS

35.    Plaintiff is an Insured under a contract for commercial Property insurance Policy issued by Defendant.

36.    Defendant Ategrity is a corporation.

37.    Plaintiff suffered a loss covered by the Policy and gave proper notice to Ategrity of Plaintiff's Claim.

38. Ategrity is liable for the Claim and had a duty to pay the Claim in a timely manner.

39.    Defendant breached its duty to pay Plaintiff's Claim in a timely manner by not timely:

    a.    acknowledging the claim;

    b.    investigating the claim;

    c.    requesting information about the claim;

    d.    paying the claim after wrongfully rejecting it; and

    e.    paying the claim after accepting it.

40. Ategrity's breach of duty caused injury to Plaintiff, which resulted in the following damages:

    a.    Policy proceeds;

    b.    prejudgment interest

41.    <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

42.    <u>Attorney fees.</u>   Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## X. JURY DEMAND

43.    Plaintiff respectfully requests for a trial by jury.

## XI. PRAYER

44.    For these reasons, Plaintiff asks that Plaintiff be awarded a judgment against Defendant for the following:

    a.    Actual damages.

    b.    Prejudgment and post-judgment interest.

    c.    Consequential damages.

    d.    Court costs.

    e.    Attorneys 'fees.

    f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

**JAVED LAW FIRM, PLLC**

*/s/ Nohayia Javed*
Nohayia Javed
Texas State Bar No. 24074482
Dan D. Simmonds
Texas State Bar No. 24027980
1107 Babcock Rd., Ste. 4
Balcones Heights, TX 78201
Telephone: (832) 360-0476
Facsimile:  (281) 605-5020
attorney@javedlawfirm.com
dsimmonds@javedlawfirm.com
**ATTORNEYS FOR PLAINTIFF**